Judge Mills
delivered tho opinion of the Court.
Prebels made a motion against the defendant in error, as sheriff of tbe comity for failing to pay to him the sum of twenty dollars, allowed to him as a county creditor, after the same had become due. The defendant gave in evidence, by way of defence, an order of the county court relative to' said claim against tlic county, made more' than one year after tlic order allowing the plaim, at the regular court of claims, and indeed after the sheriff had become liable to tbis motion for not paying up the claim. This last order reads thus:
“ Ordered, That the order made at the last November county court, allowing John Prebels $20, for boarding and keeping Robert Dunlap, be rescinded and set aside.”
Tbe court below decided against the claim in support of their last order, to reverse which judgment this writ of error is prosecuted.
We cannot attach any credit to the last order of that court, or allow it to be of any validity. For it appears on its face ttí be éx parte, and that Prebels had no notice of it; and it is contrary to well settled principles, that such proceeding, reversing his forj mer allowance., without making him a party, should be given in evidence against Prebels, ór lie made to operate upon bis rights. The claim was a claim against tho county. The court was the tribunal which had decided it iu favor of Prebels. They could not act thereon again, after Prebels was out of court, without calling him back, with more propriety than they could have reversed a judgment against an individúe! in his favor, which they had previously rendered.
Besides, if Prebels had been party to the last order, reversing the allowance of his claim, we are aware of no power possessed by the county courts, *159 after they have laid their levy, to review or reverse their former allowances in favor of the claimants. They make the • allowances at a fixed period, which the different claimants are tp appear and assert their claims, and the court is bound to decide on their merits. If claims presented arc allowed, the entry of allowance is conclusive against the county, and although the allowance is not a judgment, yet it is to operate with the same binding effect, and the court has np power at a subsequent term to retry the merits of the claim, and reverse the allowance, and just put the claim of the .creditor at constant hazard till the money is paid to him, and indeed long afterwards. For if the power exists we are aware of no limitation to the exercise of it.
Brown, for plaintiff; Triplett, for defendant.
The judgment must be reversed with costs, and the cause be remanded with directions to enter judgment against the sheriff.